UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLASH & PARTNERS S.p.A., <br><br> Plaintiff, <br><br> v. <br><br> PRL USA HOLDINGS, INC., <br><br> Defendant. | Case No. 8-cv-04827-PKC/DFE-ECF CASE <br><br> **COMPLAINT FOR DECLARATORY RELIEF** <br><br> **JURY DEMAND** |

Plaintiff, Flash & Partners S.p.A. ("Flash & Partners") brings this Complaint against defendant PRL USA Holdings, Inc. ("PRL USA") for a declaratory judgment that Plaintiff's use of its registered and common law trademarks containing the term "RARE," or stylized images thereof, and/or containing a stylized image using a double R insignia within a circle, in particular the mark **RA®ER**, does not constitute false designation of origin or misrepresentation and does not infringe, dilute, or unfairly compete with Defendant's alleged rights in trademarks incorporating the letters RRL, in particular the mark **RRL**, or any of its other alleged trademark rights, under federal and New York State law and the common law.

### NATURE OF THE ACTION

1.  This is an action for a Declaratory Judgment under 28 U.S.C. § 2201. Plaintiff seeks a declaration from this Court that its use of its RARE / double R based trademarks: (1) does not infringe Defendant's alleged trademark rights under the Lanham Act, 15 U.S.C. § 1051, et. seq.; (2) does not constitute false designation of origin or misrepresentation in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) does not dilute Defendant's alleged trademark rights under

the Lanham Act, 15 U.S.C. 1125(c); (4) does not infringe or unfairly compete with Defendant's alleged trademark rights under the common law of the State of New York; and (4) does not dilute Defendant's alleged trademark rights under N.Y. Gen. Bus. Law § 360-1.

2. Plaintiff also seeks its attorneys' fees, expenses, and costs incurred in this action, and any other relief the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 and 15 U.S.C. § 1121.

4. This Court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendant because of, inter alia, (1) Defendant's threats of litigation made to Plaintiff, (2) on information and belief, Defendant's principal place of business is within this District and Defendant has transacted business within this District, and (3) Defendant has otherwise made and established contacts with this State and District sufficient to permit the exercise of personal jurisdiction.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District, a substantial part of the events or omissions giving rise to these claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

## THE PARTIES

7. Plaintiff Flash & Partners, S.p.A. is a an Italian corporation having its principal place of business at Via Tiepolo, 6 Tombolo (Padova), I-35019 ITALY.

8. On information and belief, Defendant PRL USA Holdings, Inc. is a Delaware corporation with its principal place of business at 650 Madison Avenue, New York, New York 10022.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Flash & Partners has used the term RARE, and stylizations thereof, as a trademark in commerce on or in association with a variety of goods since as early as 2001.

10. Flash & Partners has used a stylized encircled double R design as a trademark in commerce on or in association with a variety of goods since as early as 2001.

11. Flash & Partners owns several United States Patent and Trademark Office ("USPTO") trademark registrations including: registration No. 2,981,226 for [RA-RE logo]; registration No. 2,951,878 for [RA-RE logo]; registration No. 3,256,680 for [RA⊛RE logo]; and registration No. 3,395,139 for **RA⊛ЯE**.

12. Flash & Partners owns several USPTO applications for trademark registration including: application serial No. 79/024939 for **RA⊛ЯE**; and application serial No. 79/045,478 for [S RA⊛ЯE logo].

13. Flash & Partners intends to continue using marks containing the term RARE and the stylized double R image in commerce on or in connection with its various product lines.

14. Flash & Partners has developed substantial common law rights in its RARE / double R marks as a result of use in commerce.

15. By letter dated April 15, 2008 to Plaintiff's attorneys, Defendant demanded that Plaintiff immediately abandon all registrations covering the **RA⊛ƎЯ** mark and cease using the mark and any similar marks on a wide range of goods. Defendant's letter specifically identified state and federal laws relating to trademark infringement, trademark dilution, and unfair competition which Defendant believes Plaintiff is violating.

16. By letter dated May 5, 2008, Defendant reiterated its demands and accusations.

17. Defendant asserts in its April 15 and May 5 letters rights to the mark **RЯ** and associated marks (the "RRL Marks") on which Defendant bases its demands and accusations.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT UNDER THE LANHAM ACT

18. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint.

19. A justifiable and actual controversy exists before this Court with respect to whether Plaintiff's continued use of the RARE / double R based marks infringe any of Defendant's alleged rights under the Lanham Act, 15 U.S.C. § 1051 et. seq.

20. Plaintiff's continued use of the RARE / double R based marks is not likely to cause confusion as to the source or sponsorship of Plaintiff's goods or Defendant's goods.

21. Plaintiff requests a declaration from the Court that its continued use of the RARE / double R based marks does not infringe any of Defendant's alleged rights under 15 U.S.C. § 1114.

## COUNT II
### DECLARATION OF NO UNFAIR COMPETITION OR FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

22. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs of this Complaint.

23. A justifiable and actual controversy exists before this Court with respect to whether Plaintiff's continued use of its RARE / double R based marks violate any of Defendant's alleged rights under 15 U.S.C. § 1125(a).

24. Plaintiff's use of its RARE / double R based marks is not likely to cause confusion as to source or sponsorship and does not constitute unfair competition, false designation of origin, or misrepresentation under 15 U.S.C. § 1125(a).

25. Plaintiff requests a declaration from the Court that its continued use of the RARE / double R based marks does not violate 15 U.S.C. § 1125(a).

## COUNT III
### DECLARATION OF NO TRADEMARK DILUTION UNDER THE LANHAM ACT

26. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs of this Complaint.

27. A justifiable and actual controversy exists before this Court with respect to whether Plaintiff's continued use of its RARE / double R based marks constitutes dilution of any of Defendant's alleged trademark rights under 15 U.S.C. § 1125(c).

28. Defendant's RRL Marks are not famous within the meaning of Section 1125(c) of the Lanham Act.

29. Plaintiff use of its RARE / double R based marks does not dilute and is not likely to dilute Defendant's RRL Marks and does not trade on the Defendant's reputation.

30. Plaintiff requests a declaration from the Court that its use of the RARE / double R based marks does not dilute Defendant's RRL Marks and does not violate 15 U.S.C. § 1125(c).

## COUNT IV
### DECLARATION OF NO COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION, OR MISREPRESENTATION

31. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs of this Complaint.

32. A justifiable and actual controversy exists before this Court with respect to whether Plaintiff's use of its RARE / double R based marks constitutes trademark infringement or unfair competition under the common law of New York State.

33. Plaintiff's use of the RARE / double R based marks is not likely to cause confusion as to the source or sponsorship its goods Defendant's goods.

34. Plaintiff's use of the RARE / double R based marks does not unfairly compete with Defendant or falsely designate or misrepresent Plaintiff's goods.

35. Plaintiff requests a declaration from the Court that its continued use of the RARE / double R based marks does not violate the common law of New York State related to trademark infringement, trademark dilution, or unfair competition.

## COUNT V
### DECLARATION OF NO DILUTION UNDER N.Y. GEN. BUS. LAW § 360-1

36. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs of this Complaint.

37. A justifiable and actual controversy exists before this Court with respect to whether Plaintiff's use of its RARE / double R based dilutes or has a likelihood of diluting any of Defendant's alleged trademark rights under N.Y. Gen. Bus. Law § 360-1.

38. Plaintiff use of its RARE / double R based marks does not dilute and is not likely to dilute Defendant's RRL Marks.

39. Plaintiff requests a declaration from the Court that its use of the RARE / double R based marks does not dilute Defendant's RRL Marks and does not violate N.Y. Gen. Bus. Law § 360-1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

A. Declaring that Plaintiff's use of the RARE / double R based marks does not:

    a. Constitute trademark infringement under 15 U.S.C. § 1114;

    b. Constitute unfair competition, false designation of origin, or misrepresentation under 15 U.S.C. § 1125(a);

    c. Constitute trademark dilution under 15 U.S.C. § 1125(c);

    d. Constitute trademark dilution under N.Y. Gen. Bus. Law § 360-1;

    e. Constitute trademark infringement or unfair competition under New York State law;

B.   Declaring that Defendant's alleged RRL Marks are not famous for purposes of a federal dilution action.

C.   Permanently enjoining Defendant and its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them in challenging Plaintiff's use of the RARE / double R based trademarks;

D.   Finding this case to be exceptional pursuant to 15 U.S.C. § 1117(a);

E.   Awarding Plaintiff its attorneys' fees, expenses and costs incurred in this action pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. §1920.

F.   Awarding to Plaintiffs such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial of this matter by jury.

Dated:   Alexandria, Virginia
May 22, 2008

YOUNG & THOMPSON
By: _____
Douglas V. Rigler (D.R. -9355)
drigler@young-thompson.com

Mark Lebow
mlebow@young-thompson.com
Jeffrey M. Goehring
jgoehring@young-thompson.com
209 Madison Street
Suite 500
Alexandria, VA
Tel:  (703) 521-2297

Fax: (703) 685-0573

Attorney's for Plaintiff Flash & Partners S.p.A.